IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT STAGGERT,

            Plaintiff,

v.

TEAM OIL TOOLS LP,

            Defendant.

Case No. 2:16-cv-822

Judge Graham

Magistrate Judge Jolson

## OPINION & ORDER

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue. (Doc. 11). Because venue is proper in the Southern District of Ohio, the Court will **DENY** the Motion to Dismiss; but because venue is proper and more convenient in the Southern District of Texas, the Court will **GRANT** the Motion to Transfer Venue.

### I. Factual Background

Plaintiff Scott Staggert filed this lawsuit in August 2016 on behalf of himself and all others similarly situated. (Compl., Doc. 1). Staggert alleges that Team Oil Tools, LP didn't pay him overtime because it misclassified him as "exempt" from the overtime and minimum wage requirements in federal and state law. Staggert alleges this conduct violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "OMFWSA"), Ohio Rev. Code § 4111.01 *et seq.*, and the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Cons. Stat. § 333.101 *et seq.* Staggert's lawsuit is a hybrid type, presenting both class and collective action allegations. Several plaintiffs have opted into the lawsuit.

Team Oil Tools designs and sells custom petroleum exploration tools. (Compl. at ¶ 23). Staggert worked for Team Oil Tools as a "Field Service Technician from approximately May 2013 to April 2015," working primarily in Ohio and Pennsylvania. (Compl. at ¶¶ 24–25). Staggert describes his work as a physically intense "manual labor job" in which he routinely worked more than 40 hours per week. (Compl. at ¶¶ 26, 28).

Staggert resides in Minnehaha County, South Dakota, (Compl. at ¶ 8), and when he was an employee of Team Oil Tools he "identified himself as being a resident of Pennsylvania." (First Crochet Aff. at ¶ 7, Doc. 11-1). Two of the opt-in plaintiffs reside in Texas, one resides in Minnesota, and the other resides in West Virginia. (Pl.'s Notices Filing Consent Forms, Docs. 3, 4). Team Oil Tools is a Texas limited partnership that has its principal place of business in The Woodlands, Texas. (First Crochet Aff. at ¶¶ 2–3). Team Oil Tools hasn't maintained an office in Ohio since April 2015. (*Id.* at ¶ 5). Payroll, personnel, and management decisions for Team Oil Tools came from its office in Texas. (Second Crochet Aff. at ¶¶ 6–8, Doc. 14-1). Also located in Texas are "[t]he vast majority of documents relevant to this dispute." (*Id.* at ¶ 9).

**II. Discussion**

The Court finds that venue is proper in either the Southern District of Texas or the Southern District of Ohio but finds that venue is more convenient in Texas.

**A. Venue is Proper in the Southern District of Texas and the Southern District of Ohio**

The Federal Rules of Civil Procedure permit a defendant to move to dismiss a plaintiff's complaint for improper venue. Fed. R. Civ. P. 12(b)(3).

> There is a split of authority among district courts in the Sixth Circuit regarding who bears the burden of proof when venue is challenged as improper. . . . But the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.

*Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). If the Court finds that venue is improper in the Southern District of Ohio, the Court has the discretion to either dismiss the action or transfer it to an appropriate venue. 28 U.S.C. § 1406(a) ("The district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Here, Defendant seeks dismissal, or alternatively, to transfer the case to the Southern District of Texas.

"A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substan-

tial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b)(1)–(2). Team Oil Tools is a "limited partnership organized under the laws of Texas," (Compl. at ¶ 13), having its principal place of business at all relevant times in The Woodlands, Texas, located in the Southern District of Texas. (First Crochet Aff. at ¶¶ 3–4). And for venue purposes, Team Oil Tools "reside[s] . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Staggert makes no attempt to dispute that Team Oil Tools is a resident of Texas. Therefore, venue is proper in the Southern District of Texas because Team Oil Tools resides in that district.

But the Southern District of Ohio is a proper venue for this civil action too. That's because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). "[A]ny forum with a substantial connection to the plaintiff's claim" may serve as a proper venue. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). "Several federal courts have explicitly held that where claims arise from a plaintiff being owed compensation from . . . employment, all of the events giving rise to the litigation occur where all computation and processing of payments owed to the plaintiff occurred." *Wood v. Dunn*, No. 1:10-CV-00092-TBR, 2010 WL 3259746, at *2 (W.D. Ky. Aug. 17, 2010) (citing district courts in the District of Colombia and New Jersey) (internal quotation marks omitted). But others in this circuit take a broader view, holding that, "[a]lthough the purported policies of the Defendant that are at issue may have originated from the Defendant's corporate office in Texas, the application of the policies occurred in Tennessee where Plaintiffs Paine and Tataryn were located and worked." *Paine v. Intrepid U.S.A., Inc.*, No. 3:14-2005, 2015 WL 3743357, at *6 (M.D. Tenn. June 15, 2015) (magistrate judge report and recommendation) (finding venue proper in Tennessee). And as the *Paine* court observed, the venue statute doesn't "require the Court to determine where the most substantial events giving rise to the claim occurred; rather venue is proper in 'any forum with a substantial connection to the plaintiff's claim.'" *Id.* (quoting *First of Mich. Corp.*, 141 F.3d at 263).

Here, the Southern District of Ohio has a substantial connection to Staggert's claim. Staggert's claim is that Team Oil Tools failed to pay overtime as required by the FLSA, the OMFWSA, and the PMWA. Staggert alleges he routinely worked more than 40 hours per week without overtime pay, and he did so in Ohio. (Compl. at ¶¶ 24, 27–28). More specifically, Staggert alleges that a substantial part of the events and omissions giving rise to his claims occurred

3

in the Southern District of Ohio. (Compl. at ¶ 7). Even though Team Oil Tools's policies originated in Texas, Staggert's labor in the Southern District of Ohio has a substantial connection to his FLSA claim; therefore, venue is proper in this Court.

Team Oil Tools argues that Staggert provides only conclusory allegations supporting venue in this Court. For example, Staggert alleges he was "based out of Defendant's Marietta, Ohio office," (Compl. at ¶ 24), and primarily worked "at various oil and gas job sites," not in the Marietta office, (Compl. at ¶¶ 25, 32). And while the Court acknowledges that Staggert could have provided more detail in his Complaint, Staggert does allege that "he primarily worked in Ohio and Pennsylvania." (Compl. at ¶ 24). It's fair to say that Staggert alleges a substantial amount of his work was done in Ohio. And if that work can serve as a substantial connection to Staggert's FLSA claim, then the facts he has pleaded are sufficient.

Since venue is proper in this district, Team Oil Tools's Motion to Dismiss for Improper Venue is **DENIED**. But venue is proper in two districts, and Team Oil Tools moves to transfer the case to the Southern District of Texas.

### B. The Southern District of Texas is a More Convenient Forum

For the convenience of the parties and witnesses, the Court will transfer this case to the Southern District of Texas.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Typically, the moving party bears the burden of proving that transfer is warranted. *ND Acquisitions Corp. v. Bel Pre Leasing Co., LLC*, No. 3-15-0796, 2015 WL 5306114, at *4 (M.D. Tenn. Sept. 10, 2015). That's because, at least under the common law doctrine of forum non conveniens, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (superseded by 28 U.S.C. § 1404). But, "where the plaintiff does not reside in the chosen forum[,] courts assign less weight to the plaintiff's choice," *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (quoting *Means v. U.S. Conference of Catholic Bishops*, No. 1:15–CV–353, 2015 WL 3970046 (E.D. Mich. Mar. 31, 2015)), because the "assumption of convenience" for a foreign plaintiff is "'much less reasonable,'" *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Indeed, courts

in this Circuit typically require a movant to establish the propriety of transfer by a preponderance of the evidence. *Esperson v. Trugreen Ltd. P'ship*, No. 2:10-CV-02130-STA, 2010 WL 4362794, at *4 (W.D. Tenn. Oct. 5, 2010), *report and recommendation adopted,* No. 2:10-CV-02130-STA, 2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010) (discussing *Roberts Metals, Inc. v. Florida Properties Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd*, 22 F.3d 1104 (Fed. Cir. 1994) (per curiam). The Court will therefore apply a preponderance of the evidence standard, requiring the movant—Team Oil Tools—to show that the case warrants transfer.

"As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Convenience" and "the interest of justice" have been extrapolated to include "the accessibility of evidence, the availability of process to make reluctant witnesses testify, the costs of obtaining willing witnesses, [and] the practical problems of trying the case most expeditiously and inexpensively," *id.* (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988); *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136–37 (6th Cir. 1991)) (internal quotation marks omitted). This Court has also considered "the locus of the operative facts . . . the relative means of the parties . . . the forum's familiarity with the governing law . . . [and] the weight accorded the plaintiff's choice of forum." *Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship*, No. 2:09-CV-983, 2010 WL 1438759, at *2 (S.D. Ohio Apr. 9, 2010) (Graham, J.) (quoting *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006)). And while the Court has many factors at its disposal to determine whether transfer is appropriate, these factors are always case-specific. *Id.*

Here, the factors favor transfer to the Southern District of Texas.

The convenience of the parties favors the Southern District of Texas. Staggert chose the Southern District of Ohio, but he's a resident of South Dakota. (Compl. at ¶ 8). None of the opt-in plaintiffs reside in Ohio. (*See* Pl.'s Notices Filing Consent Forms). But two reside in Texas. (Chris Lebow Consent Form, Doc. 3-2; Nathan Johnson Consent Form, Doc. 3-1). Team Oil Tools has its principal place of business in Texas. While both parties have retained local counsel in the Southern District of Ohio, both sides are also represented by attorneys in Texas. To be sure, Texas would be a much more convenient forum for Team Oil Tools, and merely shifting the inconvenience from the movant to the non-movant is insufficient to justify a transfer. *Inter-*

*Nat'l Found. Corp.*, 2010 WL 1438759, at *2. But Texas appears to be a more convenient forum for Team Oil Tools and at least for two of the opt-in plaintiffs, and it's not more inconvenient for Staggert than the district in which he filed.

The convenience of the potential witnesses cuts both ways. Staggert argues that a party seeking a transfer to another district "must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Lake v. Richardson-Merrell, Inc.*, 538 F. Supp. 262, 271 n.13 (N.D. Ohio 1982) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3851, at 270–71 (1976), cited in *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 160–61). But the *Lake* court also held that "[t]hese cases do not involve 28 U.S.C. § 1404," but the more onerous dismissal of a case for forum non conveniens. *Id.* at 266 n.6. In fact, the *Lake* court held that only when dismissal was at issue would the "rule regarding convenience of witnesses" be more strictly applied. *Id.* at 271 n.13. While it would be ideal to have a list of all the witnesses with names, residencies, and topics for each witness's testimony, the Court can still proceed without such a list.

Here, Team Oil Tools has shown that the majority of the key testimony in this case is likely to come from witnesses residing in Texas. Specifically, Team Oil Tools provides evidence that all of the decisions regarding classification under the FLSA, payroll, and employee management took place in Texas. (Second Crochet Aff. at ¶¶ 6–8).

Staggert asserts in his brief that "non-party witnesses are located in Ohio where Plaintiff performed his work." (Pl.'s Resp. at 13, Doc. 12). Specifically, Staggert asserts that he worked at various well sites that were owned and controlled by Team Oil Tools's customers, and it is those customers' on-site employees who are in the best position to testify regarding the duties Staggert performed. (Pl.'s Resp. at 13). The Court recognizes the possibility that representatives of one or more of Team Oil Tools's customers could testify regarding the work Staggert performed while on the various job sites. And the Ohio and Pennsylvania based well owners are likely outside of the trial subpoena power of the Southern District of Texas. *See* Fed. R. Civ. P. 45(c)(1); *see also* 9A Charles Alan Wright, Arthur R. Miller, et al., Federal Practice & Procedure § 2461 (3d ed. April 2017 Update) ("A nonparty who is not within the state in which the district court sits and not within 100 miles of the court may not be compelled to attend a hearing or trial."). So in the event Staggert were to require the testimony of an unwilling witness residing in Ohio or Pennsylvania, the Southern District of Texas couldn't compel them to come testify at a hearing or tri-

6

al. Staggert could, however, ask the court to compel their deposition and he could use that testimony. This presents a problem, but the same problem would face this Court if it retained the case and there were unwilling witnesses from Texas. Of course, any witnesses from Texas are likely to be employees of Team Oil Tools.

Plus, Staggert offers nothing concrete about the "company men" he might call as witnesses. He offers no names, companies, or locations—only general topics for discussion with company representatives who saw Staggert on the job. While Team Oil Tools hasn't offered much more, it did provide two affidavits from one potential witness who identified other specific topics about which Team Oil Tools's employees could testify. On balance, the testimony from Team Oil Tools's employees favors transfer.

Plaintiff argues that the "relevant records are likely to be *in Ohio*" because Staggert "worked out of the Marietta[, Ohio] location." (Pl.'s Resp. at 14). But Team Oil Tools has provided evidence that it hasn't maintained an office in Ohio since 2015, (Second Crochet Aff. at ¶ 5), and all of the relevant business records are currently located in Texas, (*id.* at ¶ 9). And while it's likely that most of the documents needed in this case are located in Texas, it's not too burdensome to transfer records electronically. Indeed, without identifying some documentary evidence that would be unavailable in Ohio or is too bulky or difficult to transport, this factor matters little. *Paine*, 2015 WL 3743357, at *8. The factor is neutral in the Court's analysis.

Finally, the Court looks to the interest of justice.

First, Staggert argues that the Southern District of Texas is significantly more overburdened with cases than the Southern District of Ohio. And while the Southern District of Texas had 11,452 more cases filed than the Southern District of Ohio over a twelve month period ending on June 30, 2016, the Southern District of Texas also has eleven more judgeships than the Southern District of Ohio. (Pl.'s Ex. 1, Doc. 12-2). And these statistics could be used to tell another story: the median time from filing to trial in the Southern District of Texas was nearly ten months shorter than in this Court. The interests of justice won't clearly be served by keeping the case in the Southern District of Ohio or transferring it to the Southern District of Texas.

Next, the parties present competing arguments on whether there is a compelling public interest for a court in Ohio to resolve this case that is based at least in part on Ohio law. Generally, the public interest is in the "local adjudication of [a plaintiff's] claim, which is premised on a violation of Ohio law." *Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1055 (N.D. Ohio 2004).

But here it's not that simple. While Staggert does bring a claim under Ohio wage-and-hour law, he does so in conjunction with claims under an analogous Pennsylvania statute and the FLSA. Ohio has no special interest in the local adjudication of a nationwide collective action, which is what Staggert alleges as part of his FLSA claim. (Compl. at ¶ 10 (alleging class members throughout the United States)). Furthermore, "Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 732 (S.D. Ohio 2006), (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997)) *aff'd*, 225 F. App'x 362 (6th Cir. 2007). So it's not clear that any issue unique to Ohio law will be resolved in this case. This factor is neutral.

The only factor weighing in favor of keeping the case in the Southern District of Ohio is Staggert's assertion in his brief that there are material, non-party witnesses located in Ohio whom he intends to call. On the other side is the convenience to Team Oil Tools to litigate in Texas, the presence of counsel for both parties in Texas, the likelihood of the majority of witnesses called in this case being located in Texas, and the presence of two opt-in plaintiffs in Texas. The interest of justice favors neither side. And while normally a plaintiff's choice of forum is not lightly disturbed, here, since Staggert purports to represent a nationwide class, and since Staggert filed outside of his home forum, that choice is accorded little weight. On balance, Team Oil Tools has shown the Southern District of Texas is a more convenient forum for this litigation. Therefore, the Court will transfer the case to that district.

### III. Conclusion

Defendant's Motion to Dismiss is **DENIED**; Defendant's Motion to Transfer Venue is **GRANTED**. (Doc. 11). This case is hereby transferred to the Southern District of Texas.

IT IS SO ORDERED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: May 18, 2017